UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**CASE NO: 23-CR-60116-AHS**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WILL CATIS, SR.,

        Defendant.

_____/

### **DEFENDANT WILL CATIS, SR.'S MOTION FOR VARIANCE**

COMES NOW, Defendant, WILL CATIS, SR. (hereinafter, "CATIS") by and through undersigned counsel, and respectfully requests this Honorable Court, pursuant to the Application Notes for *18 U.S.C. § 554,* § 5K2.0 & §5H1.4 of the Federal Sentencing Guidelines, and Title 18 U.S.C. § 3553(a) grant this motion for variance from the sentencing guidelines and states the following in support:

### **STATEMENT OF RELEVANT FACTS**

1. The government has charged CATIS as follows:

    a. Count one: Conspiracy to Possession with Intent to Distribute Protonitazene, in violation of 21 U.S.C. § 846; and

    b. Count two: Attempted Possession with Intent to Distribute of Protonitazene, in violation of 21 U.S.C. § 846.

2. The evidence will show that CATIS cooperated fully upon being arrested.

3. CATIS did not impede justice in any way.

4. CATIS timely accepted guilt and did not require the government to go to trial.

5. On August 18, 2023, CATIS met with AUSA Monique Botero and multiple agents and task force agents and was fully debriefed.

6. During the debriefing, and subsequent evidence found on CATIS phone, CATIS cooperation was a key tool in the government's "eight indictments in the Middle and Southern Districts of Florida charging China-based companies and their employees with crimes relating to fentanyl and methamphetamine production, distribution of synthetic opioids, and sales resulting from precursor chemicals."  Press release attached hereto as Exhibit "A."

7. Because of the debriefing the government was, according to them, obtain evidence "…found to contain videos reflecting a kilogram press, firearms, and large sums of U.S. currency. Additionally, there were screenshots and photos reflecting Catis' drug trafficking, ***including chats with Chinese chemical company sales representatives***, bags filled with a powdery substance that were similar to the seized protonitazene, and screenshots of advertisements from Chinese chemical companies selling protonitazene" (Emphasis added).

   a. Further, pursuant to § 5K2.0 & §5H1.4 of the Federal Sentencing Guidelines, and Title 18 U.S.C. § 3553(a) a downward departure is warranted. This motion follows:

## **LEGAL ARGUMENT**

According to the primer on departures and variances, a defendant's assistance to authorities in the investigation of criminal activities has long been recognized and practiced by statute as a mitigating sentencing factor. Departure from the guidelines are warranted if the government files a motion that the defendant provided substantial assistance in the investigation and prosecution of

another person who has committed an offense, the amount of the reduction shall be determined by the court, for reason stated that may include, but not limited to, consideration of the following:

1. The court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration, the government's evaluation of the assistance rendered. CATIS helped the government obtain eight (8) additional indictments.
2. The truthfulness, completeness, and reliability of any information or testimony provided by the defendant, CATIS was clearly found to be reliable as evidenced by the government filing a 5.k.1 Motion.
3. The nature and extent of the defendant's assistance; for any injury suffered, or any danger or risk or of injury to the defendant or his family, resulting from his assistance; CATIS has put himself in harm's way by offering testimony.
4. The timeliness of the defendant's assistance. CATIS cooperated immediately and did not take the case to trial.

## **BOOKER**

Moreover, pursuant to *United States vs. Booker*, 343 U.S. 220 (2005), the federal sentencing process has adopted a three-step approach. First, the Court is to resolve any disputed guideline issues and determine the advisory guideline range. Second, the Court is to consider if there are any factors that may warrant a departure from the advisory guideline range. Lastly, the Court is to consider all the sentencing factors of Title 18 U.S.C. § 3553(a) and impose a sentence which is "reasonable" and not greater than necessary to achieve the sentencing objectives as set forth in Title 18 U.S.C. § 3553(a).

## **TITLE 18 U.S.C. § 3553(a) FACTORS**

The sentence suggested in CATIS's case *sub judice* is plainly "unreasonable" under *Booker* and a proper consideration of the applicable § 3553(a) factors, especially: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational [and] correctional treatment; and (3) the kinds of sentences available:

*The nature and circumstances of the offense*. The Court has been versed on the nature and circumstances of the offense. However, even the simplest interpretation is that CATIS was selling drugs. There is no evidence they were being used in any violent crime or further illegal activity. The crime is the sale of a Scheduled drug online and nothing more.

*The kinds of sentences available.*

It is imperative for the court to recognize that CATIS pled guilty to Count 1 on the premise that the count would recognize his acceptance of responsibility. The offense conduct increase dramatically augments the possible sentence of this guilty plea and does so only in a means to excessively punish CATIS. CATIS has been and is ready, willing, and able to cooperate with the government from the moment he was arrested.

Notwithstanding the advisory guideline range, "The Court shall impose a sentence sufficient but not greater than necessary" to comply with the factors set forth in Title 18 U.S.C. § 3553(a). *Contra*, *United States vs. Booker*, 543 U.S. 220 (2005), *Gall vs. United States*, 128 S.Ct. 586 (2007), and *Kimbrough vs. United States*, 128 S.Ct. 558 (2007). The court, in *Nelson vs. United States*, 129 S.Ct. 890 (2009), cited to *Rita vs. United States*, 551 U.S. 338 (2007) that "The

Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable."

Furthermore, a review of the sentencing factors which the court must consider pursuant to 18 U.S.C. § 3553(a) strongly suggests that the defendant should not be sentenced to incarceration in federal prison.

### §5H1.4. Physical Condition, Including Drug or Alcohol Dependence or Abuse; Gambling Addiction (Policy Statement)

Physical condition or appearance, including physique, may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines. An extraordinary physical impairment may be a reason to depart downward; <u>e.g.</u>, in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment. CATIS is a victim of both a stabbing and a shooting. He also has a long history of drug and alcohol use.

The proposed Guidelines sentence computation substantially overstates the seriousness of the crime. This crime did not consist of any violent acts, and nobody was injured by violence. CATIS's sentence should be less than the Guidelines recommendation. CATIS has, by pleading to the Indictment, and will at the time of sentencing, provide extraordinary acceptance of responsibility; and, CATIS has family ties and obligations.

CATIS respectfully requests a hearing at sentencing and an opportunity to present evidence and oral arguments in support of the said motion for a variance from the Guidelines sentencing computation.

## CONCLUSION

Wherefore, based on the foregoing reasons, WILL CATIS, SR. respectfully requests that the Court grant this Motion for variance and the relief requested herein and any and all relief this Honorable Court deems necessary and just.

## CERTIFICATE OF SERVICE

I hereby certify that on **April 11, 2024**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Michael D. Weinstein……………….
MICHAEL D.WEINSTEIN