IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

PLAINTIFF;

V.

WILL CATIS SR.,

DEFENDANT.

No. 23-60116-cr

FILED BY ___ D.C.

JAN 26 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## MOTION FOR RECONSIDERATION OF DENIAL MOTION FOR SENTENCE REDUCTION PURSUANT TO TITLE 18 U.S.C. 3582(c)(2)

To The Honorable Court:

On the 24th of November of 2025, this court entered an Order denying a Motion For Sentence Reduction under 3582 (c)(2) Pursuant to an Amendment 821 by the U.S.Sentencing Guidelines.

The Defendant brings to the attention of the Court that there is a proper argument that this Court did not consider before denying the above mentioned motion which was denied by this court.

II.    Reason For The Motion For Reconsideration

The case law of this circuit suggest one way in which one might contend that a downward departure in a 3582(c)(2) sentence reduction is based on the Commission's lowering of the applicable Guidelines range and not based on the defendant's substantial assistance.Yet,because this Court's authority and impetus for the downward departure remains the defendant's substantial assistance so as to give the defendant the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment.

The prior reduction of his sentence was based on the defendant's assistance to the government,and the sentence reduction sought on the Amendment 821 is an additional reduction to reflect a change in the Guidelines.

Indeed,the Sentencing Commission has explained,the purpose of granting such a reduction is to ensure that defendants who provide substantial assistance to the government in the investigation and prosecution of others have the opportunity to receive the full benefit of a reduction that accounts for other amendments.

2

U.S.S.G. 5K1.1 &   Amendment 821

Generally,a court is without authority to reduce a sentence bellow the statutory mandatory minimum because the government did not move for a downward departure pursuant to 18 U.S.C. 3553(e).U.S.S.G. 1B1.10,cmt(n.3);1B1.10(b)(2)(B).

But,see **United States v Camille**,579 Fed.Appx.814,818(11th Cir.2014):

> "a district judge is not authorized to sentence
> a defendant bellow the statutory mandatory
> minimum,unless the Government filed a substan-
> tial-assistance motion under 3553(e) and U.S.S.G.
> 5K1.1...".

A district court may modify a sentence if the defendant

> "has been sentenced to a term of imprisonment based
> on a sentencing range that has subsequently been
> lowered by the Sentencing Commission." **3582(c)(2)**.

A modification under 3582(c)(2),however,does not constitute a de novo resentencing.See **United States v Bravo**,203 F.3d

3

778,781(11th Cir. 2000).

Rather, in addressing whether a defendant is eligible for a reduced sentence under 3582(c)(2), a district court considers only the effects of the applicable guideline amendment, leaving all original sentencing determinations unchanged.

As a result, even if a retroactive amendment alters a defendant's offense level, he is ineligible for 3582(c)(2) relief if the amendment would

"not have effect of lowering his applicable guideline range because of the operation of another guideline or statutory provision" U.S.S.G. 1B1.10, comment.n.1(A).

See also **United States v Glover**, 686 F.3d 1203,1207-08(11th Cir. 2012)(concluding that the district court did not have the authority to reduce the defendant's sentence under Amendment 750 because the sentence was based on a mandatory minimum sentence of life imprisonment); also **United States v. Mills**, 612 F.3d 1070,1078(11th Cir.2010)("the law is clear that a sentencing court lacks jurisdiction to consider a 3582(c)

4

(2) motion,even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range,when the defendant was sentenced on the basis of a mandatory minimum.").

Therefore,despite the government's motion for a reduction via 5K1.1,the failed to consider to apply a comparable reduction pursuant to 821 Amendment because in this case the government has not filed a motion pursuant to 3553(e), which would permit to do so by the Court.

The issue here is whether the government's failure to file a motion pursuant to 3553(e),results in a breach of it plea agreement with the defendant-appellant in this case as part of the coopearation agreement.

In case that occurred,this Circuit has given the following guidance when determining whether the government has breached an agreement.

See,when a plea rest in any significant degree on a promise

or agreement of the prosecutor,so it can be said to be part
of the inducement or consideration,such promise must be
fulfilled.See Santobello v. NewyYork,404 U.S. 257,262(1971).

And also see United States v Boatner,966 F.2d 1375,1578
11th Cir. 1992):

"whether the government violated the agreement is judged
according to the defendant's reasonable understanding
at the time he entered his plea."

Accordingly with the above,this Honorable Circuit
"must decide whether the government's actions are
incosistent with what the defendant reasonably
understood when he entered his plea." United States
v Al-Arian,514 F.3d 1184,1191(11th Cir. 2008.

Moreover,because the sentencing court is not bound by the
parties'agreements or recomendations,whether the government
breached a plea agreement depends upon the government's
conduct,not the conduct of the district court.United States
V Johnson,132 F.3d 628,630(11th Cir. 1998).

III.   United States Sentencing Commission

Part A. of amendment 821 limits the overal crime, history impact of "status Points" at 4 A1.1.

Part B.   Subpart 1 of amendment 821 creates a new chapter f ur guideline at C 1.1 decreasing by two the offense levels for def nd ants who did not receive any criminal history points and whose ins- tant offense did not involve specific aggravating factors.

a.     18 U.S.C. 3582 (C) (2)

Analytical Standard

Discussion of 3582 (c) (2) In General and the limits of the proceedinds

Section 3582 (c) provides that a Federal Court... may not modify a term of imprisonment once it  has been imposed... except in... limited circumstances:

"...3582 (c) (2)..."

Where a defendant has been sentenced to a term of imprisonment

7

based on a sentencing range that was subsepuently lowered by the Commission and certain other requirements are met.

b.    Dillon  v. United States Framework

The Supreme Court in Dillon  V. U.S.   Clarified how 3582(c)-(2) provides only narrow exceptions to the general rule of finality.  Dillon  V.  U.S. , 560 U.S. 817 ,824-28 (2010).

By its terms, 3582 (c)(2) does not authorize a sentencing or resentencing proceeding;

Instead, it provides for the "Modification of a term of imprisonment by giveng Courts the power to reduce an other wise final sentence in circumstances specified by the Commission".

Dillon at  825.

The Supreme Court explained that the Statute's Text...

" together with its narrow scope, shws that Congress scope, shows that that Congress intended to authorize only a limited adjustment to an other wise final sentence and not a plenary resentencing proceeding".

8

" Based on a sentencing range that has subsequently been lowered by the sentencing Commission".

Dillon  at  819

C.      U.S.  Sentencing Commission Policy Statement 1B1.10

For a sentence to be reduced retroatively must determine whether;

" The guideline range applicable to the defendant has subsequetly been lowered as a result of an amendment to the guideline manual listed in subsection (d)".

See    1 B 1. 10  cmt. n:1 (A)
Explaining that eligibility for consideration under 3582(c)(2)

" Triggered only by an amendment listed in subsection (d)".

9

## IV.   Title 18 U.S.C. 3582(c)(2)

Under 3582(c)(2).a district court may reduce the prison sentence of a

> "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" 18 U.S.C. 3582(c)(2);see also U.S. S.G. 1B1.10(a)(1).

However,the grounds upon which a district court may reduce a defendant's sentence pursuant to 3582(c)(2) are narrow. **United States V. Berry,701 F3d 374,376(11th Cir.2012).**

For a defendant to be eligible for such a reduction,the Sentencing Commission must have amended the guideline at issue,the amendment must have lowered the defendant's sentencing range, and the amendment must also be listed in U.S.S.G. 1B1.10(d).Amendment    ,which became effective November 1,2025,provides a            reduction in

### A.   Dillon v United States Analytical Framework

A district court must engage in a two-step analysis when considering a motion for a sentence reduction under 3582 (c)(2).Dillon V. United States,560 U.S. 817(2010),at 826; see also **United States V. Bravo,**203 F.3d 778,780(11th Cir. 2000).

First,the court must calculate the offender's amended guideline range.**Bravo**,at 780.

Second,the court must determine,in its discretion,whether to reduce the defendant's sentence and,if so,to what extent. **Bravo** at 781.

In exercising that discretion,the court must consider the 18 U.S.C. 3553(a) factors.See 1B1.10,comment.(n.1(B)(i)).

These factors include,among other things:

(1)the nature and circumstances of the offense;

(2)the history and characteristics of the defendant;

(3)the need for the sentence"to reflect the seriousness of the offense,to promote respect for the law and to provide just punishment";

(4)the need for adequate deterrence;

(5)the need to protect the public from further crimes;

(6)the guideline range;and

(7)any pertinent policy statement from the Sentencing Commission.See 18 U.S.C. 3553(a)(1),(a)(2),(a)(4)(A), (a)(5).

The court also must consider the nature and seriousness of any danger a reduction would pose to persons or to the community and the court may consider a defendant's post-sentencing conduct.See **United States V.Williams**,,557 F.3d 1254,1256(11th Cir.2009);U.S.S.G. 1B1.10,comment.(n.1(B) ((ii)(iii)).

11

A district court need not

> "articulate specifically the applicability-
> if any of each of the section 3553(a)factors,
> as long as the record demostrates that the
> pertinent factors were taken into account by
> the district court"See **United States V.**
> **Eggersdorf**,126 F.3d 1318,1322(11th Cir. 1997).

In **Eggersdorf**,the 11th Circuit deemed sufficient the district court"s order in which stated that it had reviewed the 3582(c)(2) motion,the government's response,the record, and was"otherwise duly advised".See **Eggersdorf 1322-23.** The Circuit further noted that the 3582(c)(2) and response had discussed specific elements that were relevant to the 3553(a) factors,and stressed that the sentencing and 3582(c) (2) judge was the same.

Conversely,in **United States v Douglas**,the Circuit concluded that a form 3582(c)(2) order that indicated consideration of the defendant's motion was not sufficient to show that the court had considered the 3553(a) factors when denying the motion.576 F.3d 1236,1219-20(11th Cir.2009).And in **Williams**,the Circuit vacated and remanded where the record was silent as to whether the district court considered the 3553(a) factors.

**IV**      Conclusion

Therefore,the Defendant very respectfully prays from this Honorable Court to grant this Motion For Reconsideration and proceed to reduce sentence accordingly with the 3553(a) factors.

Very respectfully submitted on the January 18,2026

Will Catis,Sr.
No. 64341-510
Federal Correctional Complex-
Coleman-Medium
P.O.Box 1032
Coleman,Florida 33521-1032

13



Will Catis Sr.
No.64341-510
Federal Correctional Complex-
Coleman-Medium
P.O.Box 1032
Coleman,Florida 33521-1032



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7014 3490 0001 9317 6843

U
S
29
Rc
Ft